UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,      :   Case No. 1:06-CR-559
                               :   Case No. 1:16-CV-1185
      Plaintiff,               :
                               :
  vs.                          :   OPINION & ORDER
                               :   [Resolving Doc. No. 33]
TRACY A. GREER                 :
                               :
      Defendant.               :
                               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Petitioner Tracy A. Greer brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255. He argues that he was improperly sentenced under the Armed Career Criminals Act.[1]

The Government opposes.[2]

    For the following reasons, the Court **DENIES** Greer's petition.

## I. Background

    On December 5, 2006, the United States charged Petitioner Greer with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); using a firearm during a crime of violence, in violation of 18 U.S.C. 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(e).[3] Greer pleaded guilty and was sentenced under the Armed Career Criminals Act ("ACCA"). Under the ACCA, a defendant faces a fifteen-year mandatory minimum sentence if he is convicted of being a felon in possession of a firearm and has three or more prior

---

[1] Doc. 33.
[2] Doc. 36. Petitioner Greer replies. Doc. 38.
[3] Doc. 11.

Case No. 1:06-CR-559
Gwin, J.

convictions for a violent felony or serious drug offense.[4] The parties agree that Greer had five prior convictions for aggravated burglary under former Ohio Rev. Code § 2911.11(A)(3).[5]

The Supreme Court's recent *Johnson v. United States*[6] opinion has thrown into question whether certain prior felonies can be counted as ACCA "violent felonies." The Supreme Court has held that *Johnson* applies retroactively to habeas claims challenging ACCA-enhanced sentences.[7]

Greer brings this petition for a writ of habeas corpus, arguing that he no longer has three violent felony predicate offenses in light of *Johnson*. Greer argues that his sentence under the ACCA was improper.[8] The Government opposes.[9]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[10]

---

[4] 18 U.S.C. § 924(e)(1).
[5] Greer's pre-sentence report (PSR) identified the five aggravated burglary convictions:
   1. Aggravated Burglary, in Summit County Common Pleas Court, Case Number CR82-09-1066, on or about August 28, 1982;
   2. Aggravated Burglary, in Medina County Common Pleas Court, Case Number 82-CR-0279, on or about October 1, 1982;
   3. Aggravated Burglary (2 counts), in Stark County Common Pleas Court, Case Number 82-CR-2493, on or about October 19, 1982;
   4. Aggravated Burglary, in Summit County Common Pleas Court, Case Number CR-84-8845, on or about August 2, 1984.

Greer's aggravated burglary convictions all took place before Ohio Senate Bill Two amended § 2911.11(A) in 1996.
[6] __ U.S. __, 135 S.Ct. 2551 (2015).
[7] *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257 (2016).
[8] Doc. 33.
[9] Doc. 36.
[10] 28 U.S.C. § 2255(a).

Case No. 1:06-CR-559
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[11] Greer alleges that he no longer has three predicate convictions to support an ACCA sentence, and that his sentence is thereby unconstitutional.

Under the ACCA, a defendant faces a fifteen-year felon-in-possession mandatory minimum sentence based on three or more prior convictions for (1) a serious drug offense, or (2) a "violent felony."[12]

Until recently, the Armed Career Criminals Act defined "violent felony" as follows: any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.[13]

The first prong is called the use-of-force clause. The first part of the second prong is called the enumerated-offenses clause. And the second part of the second prong, emphasized above, is called the residual clause.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States* that held the residual clause was unconstitutionally vague.[14] The residual clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."[15] If a court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a

---

[11] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[12] 18 U.S.C. § 924(e)(1).
[13] 18 U.S.C. § 924(e)(2)(B) (emphasis added).
[14] __ U.S. __, 135 S. Ct. 2551 (2015).
[15] *Id.* at 2557.

-3-

Case No. 1:06-CR-559
Gwin, J.

criminal defendant's constitutional right to due process.[16] Moreover, the Supreme Court's conclusion is retroactive. A criminal defendant can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[17]

In light of *Johnson*, this Court — and federal courts all over the country — are being asked to analyze whether previous residual clause predicate convictions still qualify as predicate offenses under either the use-of-force clause or the enumerated offenses clause. In this case, the question is whether Ohio's aggravated burglary statute remains a predicate offense.

### III. Analysis

The Government agrees that aggravated burglary does not necessarily involve the use of physical force. Instead, Ohio's aggravated burglary statute must fall under the enumerated offense prong to remain a predicate offense.

This might appear to be an easily answered question. A prior conviction qualifies as an ACCA predicate offense under the enumerated clause if it is "burglary, arson or extortion, [or] involves use of explosives."[18] As a burglary statute, shouldn't aggravated burglary fit? Not necessarily. The question is more complicated.

The Supreme Court has instructed that a statute's name should not control whether a conviction is a predicate offense under the enumerated clause. Instead, this Court "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime — i.e., the offense as commonly understood."[19] "The prior conviction

---

[16] *Id.*
[17] *Welch*,__ U.S. __, 136 S. Ct. 1257 (2016).
[18] 18 U.S.C. § 924(e)(2)(B)(i).
[19] *Descamps*, 133 S.Ct. at 2281. The Supreme Court further underscored *Descamps*' holding in *Mathis v. United States*, __ U.S. ___, 136 S.Ct. 2243 (2016). The relevant inquiry is the categorical scope of the statute under which Petitioner Greer was sentenced, not the particular facts of his conviction. Ohio's aggravated burglary statute in effect at the time had three subsections. The three subsections are divisible. Greer's sentencing documents state that he was

-4-

Case No. 1:06-CR-559
Gwin, J.

qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."[20] In other words, if Ohio's aggravated burglary statute punishes conduct beyond what is covered by generic burglary, then it cannot be a predicate enumerated offense.

Greer was convicted under a burglary statute that punished entry into places used for habitation.[21] The Court therefore considers whether the Supreme Court's generic burglary encompasses this type of burglary.

The leading case on the definition of generic burglary is *Taylor v. United States*.[22] In *Taylor*, the Supreme Court considered what types of state burglary offenses were predicates under the ACCA's enumerated offenses clause. The Court began with a review of traditional common-law burglary, noting that at its core, burglary punished breaking and entering of "a dwelling" with intent to commit a felony inside.[23] In *Taylor*, the defendant-petitioner argued that ACCA burglary should be limited to such "narrow[]" and aggravated circumstances as entering an "occupied" building.[24] However, the Court rejected these arguments, and determined that Congress intended a "broader" generic definition of burglary in the ACCA's enumerated offenses clause that included both "ordinary burglaries" as well as such "especially dangerous" burglaries.[25]

---

convicted under the third subsection. His four previous sentences were for the crime of "Aggravated Burglary, Ohio Revised Code Section 2911.11(A)(3), a felony of the first degree." Docs. 36-1, 36-2, 36-3, 36-4.. As the Supreme Court has instructed, this Court thus discusses the categorical nature of Section (A)(3) burglary, not the underlying facts of Greer's conviction. The parties do not dispute this approach.
[20] *Id.*
[21] Ohio Rev. Code § 2911(A)(3) (1983) ("The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.").
[22] 495 U.S. 575, 599 (1990).
[23] *Id.* at 592.
[24] *Id.* at 596
[25] *Id.* at 597.

Case No. 1:06-CR-559
Gwin, J.

Ultimately, the Court concluded that the generic crime of burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."[26]

Despite the Court's initial focus on whether the location burglarized was occupied or inhabited, post-*Taylor* jurisprudence has largely focused on whether a statute punishes burglaries of places that are not "buildings or other structures." Federal courts have parsed *Taylor* and its progeny to conclude that if a place such as a tent or vehicle is punished under a burglary statute, the statute cannot be a predicate offense under the ACCA.[27] But even the Supreme Court's most recent discussion of its generic burglary definition has not addressed whether a burglary definition which punishes entry into *occupied* locations fits within generic burglary — regardless of whether the location is a building or a vehicle. The most natural reading of *Taylor* is that it does.

The Supreme Court's generic definition of burglary was intended to be broader than traditional definitions that punished entering a dwelling or a place that was occupied. The Supreme Court intended for the ACCA to punish the "'generic' crime — i.e. the offense as commonly understood."[28]

It would be nonsensical to conclude that the most traditional and well-understood form of burglary — entry into an occupied location with the intent to commit a crime inside — was now excluded merely because the occupied location was not a building. Indeed, in *Taylor*, the Supreme Court repeatedly pointed out Congress's intent to punish repeat burglary offenders because of burglary's "inherent potential for harm to persons," when a dwelling was invaded.[29]

---

[26] *Id.* at 599.
[27] *See, e.g.*, *Mathis*, __ U.S. ___, 136 S.Ct. 2243.
[28] *Descamps*, 133 S.Ct. at 2281.
[29] *Taylor*, 495 U.S. at 588; *see also id.* at 586-88, 597.

Case No. 1:06-CR-559
Gwin, J.

The Court's use of "building or other structure" does not exclude burglary of a dwelling or occupied location from the generic definition.[30]

Greer's five convictions were under the Ohio aggravated burglary subsection that punishes "trespass in an occupied structure, as defined in section 2909.01 of the Revised Code . . . with purpose to commit therein any theft offense, when . . . the occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."[31]

The Ohio Revised Code defines "occupied structure" as follows:

> [A]n 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
>
> (A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;
>
> (B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;
>
> (C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;
>
> (D) In which at the time any person is present or likely to be present.[32]

Greer argues that because "occupied structure" includes places such as tents or vehicles, Ohio's aggravated burglary charge is broader than generic burglary.[33] The Sixth Circuit has

---

[30] It is worth noting an overlap in language. The United States Sentencing Guidelines include career offender enhancements based on the predicate offense of "burglary of a dwelling." U.S.S.G. § 4B1.2. Only the Armed Career Criminals Act is before this Court at this time. Use of the term dwelling here is not intended to implicate the Guidelines' enumerated offense clause.
[31] Docs. 36-1, 36-2, 36-3, 36-4.
[32] Ohio Rev. Code § 2909.01 (1983).
[33] Doc. 38 at 6.

Case No. 1:06-CR-559
Gwin, J.

found that Greer's argument holds water where the "occupied structure" definition is used in Ohio's *general* burglary statute.[34]

But Ohio's *aggravated* burglary conviction requires that the occupied structure is the "permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."[35] The Government argues that with the addition of these habitation elements, aggravated burglary falls within the generic definition of burglary.[36] This Court agrees. The Supreme Court's efforts to provide a broader generic definition — even if couched in the language of "buildings and other structures" — still include these core burglaries of occupied locations.

Greer counters that the Supreme Court's recent *Mathis* decision should alter the analysis of Ohio's aggravated burglary statute. Greer argues that because "habitation" is not defined in Ohio's penal code, using the term in the aggravated burglary definition "does not narrow the overly broad definition of occupied structure."[37] For example, "a person may use a watercraft or a tent as a temporary habitation—satisfying the element of Ohio Rev. Code § 2911.11(A)(3) . . . . However, under those circumstances, the conviction could not qualify as a generic burglary because the place being burgled is not a building or a structure."[38]

This argument misses the point. Based on *Taylor*'s description of traditional burglary, the location's use as a temporary or permanent habitation where a person is likely to be present brings a burglary into the generic definition, regardless of the structure being burglarized.

---

[34] *United States v. Coleman*, 655 F.3d 480, 482 (2011) ("Under Ohio law, an 'occupied structure' includes any 'house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter.' O.R.C. § 2909.01(C). Thus, Ohio's third-degree burglary statute sweeps more broadly than generic burglary because it 'includ[es] places, such as automobiles and vending machines, other than buildings.'")
[35] Ohio Rev. Code § 2911.11(A) (1983).
[36] Doc. 36 at 4-5.
[37] Doc. 38 at 6.
[38] *Id.*

-8-

Case No. 1:06-CR-559
Gwin, J.

It is correct that the aggravated burglary statute's habitation language tracks the language found in subsection (B) and (D) of the "occupied structure" definition. As a result, some might argue that the Sixth Circuit has already concluded that habitation or the presence of the person does not make "occupied structure" narrower than generic burglary.

But Subsection (A)(3) aggravated burglary requires that the location be the "permanent or temporary habitation of any person" *and* that "at the time any person is present or likely to be present."[39] The Ohio Supreme Court has held that this conjunctive requirement is a separate element from the disjunctive descriptions in subsection (B) and (D) of the occupied structure definition.[40] In other words, because the location must be a habitation *and* a person must be likely to be present, there is a distinct element that separates aggravated burglary from non-aggravated burglary. As a result, the Sixth Circuit's holding that "occupied structure" makes non-aggravated burglary broader than generic burglary does not dictate the holding in this case.

Burglary of any location that is "the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present" fits within the Supreme Court's definition of generic. Greer's five convictions under Section (A)(3) of the aggravated burglary statute are properly classified as predicate offenses under the ACCA. These five predicate convictions are sufficient to support his ACCA sentence.

### IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Greer's petition. This Court further orders that, pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), a certificate of

---

[39] Ohio Rev. Code § 2911.11(A) (1983).
[40] *State v. Wilson*, 388 N.E.2d 745, 749-50 (Ohio 1979).

Case No. 1:06-CR-559
Gwin, J.

appealability shall issue with respect to Greer's claim that aggravated burglary is not an ACCA predicate offense after *Johnson*.

      IT IS SO ORDERED.

Dated: December 21, 2016　　　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE